UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NERI TAWFIQ,

                         Case No. 22-cv-10328

          Plaintiff,

                         Paul D. Borman
v.                          United States District Judge

JAMES HINES,               Patricia T. Morris
                         United States Magistrate Judge

          Defendant.

_____/

**OPINION AND ORDER:
(1) ADOPTING MAGISTRATE JUDGE PATRICIA T. MORRIS'S
AUGUST 29, 2022 REPORT AND RECOMMENDATION (ECF NO. 11);
(2) OVERRULING PLAINTIFF NERI TAWFIQ'S OBJECTION
(ECF NO. 12);
(3) GRANTING DEFENDANT JAMES HINES'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 7); AND
(4) DISMISSING CASE WITH PREJUDICE**

On August 29, 2022, Magistrate Judge Patricia T. Morris issued a Report and

Recommendation to grant Defendant James Hines's Motion for Summary Judgment,

and to dismiss Plaintiff Neri Tawfiq's complaint. (ECF No. 11, Report and

Recommendation ("R&R").) On September 12, 2022, Plaintiff Neri Tawfiq filed a

document titled "Objection No. 1 to Defendant's Motion for Summary Judgment."

(ECF No. 12, Pl.'s Obj.)

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and

Fed. R. Civ. P. 72(b) of those portions of the Report and Recommendation to which

specific and timely objections have been filed, OVERRULES Plaintiff's Objections, GRANTS Defendant's Motion for Summary Judgment, and DISMISSES this case WITH PREJUDICE.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history and background facts related to Defendant's Motion for Summary Judgment are set forth in the Magistrate Judge's Report and Recommendation, and will not be repeated here in full. (See ECF No. 11, R&R, PageID.96-99.)

As an overview, following termination of his employment at the Saginaw Veterans Affairs (VA) Medical Center, Plaintiff Neri Tawfiq had an alleged "outburst" and VA officials implemented a "patient flag" on Tawfiq's medical chart which required Tawfiq to check in with VA police whenever he arrived at a VA facility for a medical appointment. Tawfiq filed for an injunction in state court, naming Saginaw Medical Center's Chief of Staff, Dr. James Hines, seeking to prohibit any VA employee from approaching Tawfiq to enforce the patient flag. Specifically, Tawfiq requests that the court prohibit Hines from "indirectly" (1) "following [him] or appearing within [his] sight," (2) "appearing at [his] workplace or residence," or (3) "approaching or confronting [him] in a public place or on private property." (ECF No. 1, PPO Pet., PageID.9.) Tawfiq explained that he needed the PPO because Hines "harass[ed]" him by making "false" allegations

2

which caused Tawfiq to be arrested and to lose "12-high paying jobs." (*Id.* PageID.13.)

Hines removed the action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446, and later moved for summary judgment, arguing that Tawfiq's requested injunction would prevent VA employees from carrying out their official duties, and that Tawfiq's claims therefore are barred by sovereign immunity and must be dismissed. (ECF Nos. 1, 7.) This case was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings. (ECF No. 8.)

The Court ordered Tawfiq to file a response to the motion for summary judgment (ECF No. 9), but he instead only filed a request for a hearing before the Court, stating that he believed the AUSA assigned to this matter "submitted fraudulent information to the United States." (ECF No. 10, PageID.94.)

On August 29, 2022, Magistrate Judge Morris issued a Report and Recommendation (R&R), recommending that Defendant Hines's motion for summary judgment be granted and that this case be dismissed. (ECF No. 11, R&R.) The Magistrate Judge concluded that Tawfiq's requested PPO would prohibit Hines and other VA employees from carrying out their official duties and impact the VA's ability to enforce the patient flag, and that it is, therefore, in effect, a suit against the sovereign, and barred by sovereign immunity.

On September 12, 2022, Plaintiff filed a document titled "Objection No. 1 to Defendant's Moti[o]n for Summary Judgment." (ECF No. 12, Pl.'s Obj.) Plaintiff's "Objection" states:

> Plaintiff recommendation, please give me the proper respect and treatment me as a human being. I have submitted the same government documents over and over again, and some how the Judge is not receiving all the Federal documents. I can take full responsibility for the Burden of Proof, if I am allowed to appear in front of the Judge, that is no problem for me. I can prove that defendant did not act accordingly within the scope of employment, also the defendant performed in perjury on Federal documents, and submitted fraudulent information to Department of United States Veteran Affairs as well as the Federal Court, and State Court.
>
> I mean no disrespect for the words that follow this sentence. If my nationality was of caucasian decent [sic], I would have been allowed to appear in-front of a Judge years ago.

(ECF No. 12, PageID.112-13.)

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec*., No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## III.  ANALYSIS

Plaintiff's Objection fails to state any specific objections to the Magistrate Judge's Report and Recommendation or demonstrate how the Magistrate Judge's recommendation was erroneous. In fact, Plaintiff filed this identical "objection" in four of his other cases, involving different defendants and different claims. The Report and Recommendation in this case expressly discussed the standards

regarding Objections pursuant to Fed. R. Civ. P. 72(b)(2) and E.D. Mich. Local Rule 72.1(d), and required that "[a]ny objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc." and "must recite precisely the provision of this R&R to which it pertains." (ECF No. 11, R&R, PageID.110-11.) Plaintiff's Objection fails to follow these requirements but instead is in the form of a generalized disagreement with the Magistrate Judge's recommendation and the Defendant's motion for summary judgment. This Objection fails to include any developed argument or cite to any legal authority holding contrary to the conclusions reached by the Magistrate Judge, and fails to identify any specific issues the Magistrate Judge allegedly determined in error in the R&R.

It is well settled in the Sixth Circuit that "merely express[ing] a general disagreement with the magistrate judge's legal analysis," is not sufficient to preserve objections to a magistrate judge's recommendation. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Id.* (citing *Howard*, 932 F.2d at 509) (quotations omitted). "[F]ailure to file specific objections to a magistrate [judge's] report

constitutes a waiver of those objections, and the Court is not required to conduct a de novo review of the issues addressed by the magistrate judge." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

By failing to identify any discrete issue or present any developed factual or legal basis in support of his general "objection," Plaintiff has waived any objection to the substantive analysis of the Magistrate Judge's Report and Recommendation. Plaintiff has not advanced a sufficient ground for determination that the Magistrate Judge erred in her findings of fact or law. Therefore, Plaintiff has waived any further challenge to the Magistrate Judge's substantive analysis which, so far as the record shows and the case law on point hold, was well reasoned and correct as a matter of fact and law.

## IV.    CONCLUSION

For the foregoing reasons, the Court:

(1) **OVERRULES** Plaintiff's Objection (ECF No. 12);

(2) **ADOPTS** Magistrate Judge Morris's August 29, 2022 Report and Recommendation on Defendant's Motion for Summary Judgment (ECF No. 11);

(3) **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 7); and

**(4) DISMISSES** this case **WITH PREJUDICE**

IT IS SO ORDERED.

Dated: December 22, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge